IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILSON, | No. CIV S-09-2190-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| COUNTY OF BUTTE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a county prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's application to proceed in forma pauperis (Doc. 2).

Plaintiff has not, however, filed a *complete* application[1] to proceed in forma pauperis, along with a certified copy of his trust account statement for the six-month period immediately preceding the filing of the complaint, or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a), (a)(2). Plaintiff will be provided the opportunity to submit either a

---

[1] The court notes Plaintiff filed an application with the certification by the institution complete. However, § 1915(a)(2) requires a certified copy of the trust fund account statement (or institutional equivalent). Certification is not sufficient in a civil action brought by a prisoner.

1

completed application to proceed in forma pauperis or the appropriate filing fee. Plaintiff is warned that failure to resolve the fee status of this case within the time provided may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the required *certified copy* of his trust account statement, or the appropriate filing fee; and

2. The Clerk of the Court is directed to send plaintiff a new form Application to Proceed In Forma Pauperis By a Prisoner.

DATED: October 15, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2] The court also notes that the defendants have appeared in this matter by filing an answer to the complaint prior to the court conducting the screening of the complaint as required by law. As the court has not screened the complaint to determine whether service is appropriate, and an official summons has not issued, it is unclear how the defendants were served. However, once Plaintiff has resolved his fee status, the court will issue a screening order addressing Plaintiff's complaint. Notwithstanding the defendants' answer, the court will not set a schedule in this matter until the fees are resolved and the complaint has been screened. Accordingly, discovery is not to be conducted in this matter until a scheduling order has been issued.